UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| BRANTON TOOLS, LLC and ST. PAUL FIRE & MARINE INSURANCE CO. | : : : | CIVIL ACTION |
| | : | NO. 14-cv-02417 |
| VERSUS | : : | |
| | : | JUDGE ELIZABETH E. FOOTE |
| EXCO OPERATING COMPANY. LP, EXCO RESOURCES, INC., SELECT ENERGY SERVICES, LLC and SES HOLDINGS, LLC | : : : : | MAGISTRATE JUDGE MARK L. HORNSBY |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STAY

Defendants, Exco Operating Company, LP and Exco Resources, Inc. (hereafter jointly "Exco"), have moved to dismiss or stay plaintiffs' declaratory judgment action given the pending state court suit that is an available forum to litigate all of the issues raised in this suit. (R. Doc. 14).

    1.    **Federalism Concerns** – **Whether there is a pending state action in which all of the matters in controversy may be fully litigated (*Trejo* factor 1).**

Plaintiffs base their argument that defense and indemnity is not owed to Exco on the application of the Louisiana Oilfield Anti-Indemnity Act [LSA-R.S. 9:2780], which they state serves to bar indemnity and insurance obligations. (*See* R.Doc. 1, at ¶¶ 17-18.) This

is not only an incorrect statement of the law,[1] but it also distinguishes the circumstances in this case than those cases on which plaintiffs rely in their opposition memorandum and shows why this court should abstain from this case.

Plaintiffs argue the pending *Rodgers* state court case is not parallel to this newly filed declaratory judgment action because they are not parties to the suit; however, they ignore the issues that are already pending in the state court suit concerning Exco's immunity from liability and that must be determined before a decision can be made on whether or not the indemnity obligation in the Exco-Branton Tools MSA is valid under Louisiana law. Case law cited by plaintiffs on this issue involve insurance coverage cases that are separate from the liability determinations pending in state court. *See, e.g., Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir.1998) (reversing abstention finding because the "state court decision on the issues of Robinson Janitorial's vicarious liability and negligent supervision/hiring would have no direct bearing on the insurance company's duty to defend and the scope of policy coverage" and the "federal decision on the insurance issues would likewise have no impact on the state court liability issues"); *Hudson Specialty Ins. Co. v. King Investments of Louisiana, Inc.*, CIV.A. 13-5990, 2014 WL 108402,

---

[1] *See Fontenot v. Chevron U.S.A., Inc.*, 95-1425 (La. 7/2/1996), 676 So.2d 557, 563, wherein the Louisiana Supreme Court instructs by review of the policies underlying the statute that indemnification obligations are void only to the extent they purport to require indemnification and/or defense by the indemnitor where there is negligence or fault on the part of the indemnitee; otherwise, the court explains such obligations are enforceable just as in any other legal covenant.

*4 (E.D. La. Jan. 10, 2014) (because "King has not identified any existing overlapping factual or legal issues," the court finds that the "difference in the identity of the parties and issues in the state and federal court lawsuits demonstrates that the first factor weighs against dismissal"); *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 Fed.Appx. 316, 320 (5th Cir.2006) (upholding abstention because "Day's action against Kinchen's estate involves a different issue than is present in this action"); and *Fed. Ins. Co. v. Sw. Materials, Inc.*, CIV.A. 02-1787, 2003 WL 21634945 (E.D. La. July 3, 2003) (upholding abstention because " claims currently asserted in the state court proceeding will have no direct bearing" on the issues raised in the declaratory judgment action).

Here, unlike the cases relied on by plaintiffs, there *is* over lap in the state and federal cases. To prevail here plaintiffs will be required to prove that Exco is not immune from liability and that the indemnity obligation will serve to transfer liability from Exco to Branton. The immunity of Exco as a statutory employer is already an issue in the state court suit, as Exco's motion for summary judgment on this issue is already pending. This overlap in issues, and the potential for varying determinations on this common issue raises federalism concerns, increases the potential for piecemeal litigation and duplication of efforts, distinguishes the circumstances in this case from those relied upon by Plaintiffs and warrants a different result.

Indeed, these are the very circumstances where the Fifth Circuit finds that abstention is appropriate. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 391 (5th Cir.2003) ("A

federal district court should avoid duplicative or piecemeal litigation where possible. A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts. Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues").

In any event, even if the court finds that the State Court and the Federal Court action are not perfectly parallel, that fact is not determinative – as any *per se* rule is contrary to the vast discretion this court holds in determining whether to exercise its discretionary jurisdiction over this Declaratory Judgment suit. *See, e.g., Sherwin-Williams, supra*, 343 F.3d at 394 ("[t]he lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action); *United States v. Las Cruces,* 289 F.3d 1170, 1183 (10th Cir.2002) ("the similarity of the proceedings [is part of] the process of balancing the *Brillhart/Mhoon* factors [of whether the declaratory judgment would serve a useful purpose and whether there is an alternative remedy which is better or more effective]"); and *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir.1998) ("'[t]he existence or nonexistence of a state court action is simply one consideration relevant to whether to grant declaratory relief.' To hold otherwise would in effect create a per se rule *requiring* a

district court to entertain a declaratory judgment action when no state court proceeding is pending. Such a rule would be inconsistent with our long-standing belief that district courts should be afforded great latitude in determining whether to grant or deny declaratory relief").

> 2. **Fairness Concerns** – **Did plaintiff file suit in anticipation of a lawsuit filed by the defendant; Did plaintiff engage in forum shopping in bringing the suit; Are there possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums (*Trejo* factors 2-4).**

Given the pending nature of the state court *Rodgers* suit, the overlap of certain issues necessary to determine the validity of Exco's demand for indemnity and defense, and the ability to assert all such claims in a single suit, the potential implication of these fairness concerns cannot be overlooked.

However, even if this duplicative federal declaratory judgment action was not filed for an impermissible reason, this factor does not "weigh in favor" of abstention as is argued by plaintiffs. Louisiana Federal Courts assessing this factor find this consideration is "neutral" and clearly outweighed by the federalism and efficiency concerns. *See, e.g., Princeton Excess & Surplus Lines Ins. Co., supra*, 2014 WL 782832, *3 (finding "no indication of anything improper or unfair" in the filing, court finds "the second, third, and fourth *Trejo* factors have a neutral effect in this instance" and determines it "will abstain" from deciding the state law issue because of the weight of the other *Trejo* factors); and *Little Bell, LLC v. CenterPoint Energy, Inc.*, 838 F.Supp.2d 522, 534 (W.D. La.2012) (finding this factor to be neutral, and further instructing that when the federal declaratory judgment action

raises only issues of state law and a state court case is pending in which the issues can be resolved, that generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit).

   3.   **Efficiency Concerns** – **Whether the federal court is a convenient forum for the parties and witnesses; Whether retaining the lawsuit in federal court would serve the purposes of judicial economy (*Trejo* factors 5-6).**

A consideration of the efficiency concerns indicate that this court should dismiss this declaratory judgment suit. Common sense indicates that two judicial actions are less efficient than one, especially when as here there is a common issue that must be determined by both courts. This is not a case where the determination of coverage can be made separate and apart from liability, e.g., where the application or non-application of a particular provision in an insurance policy is all that is at issue in the declaratory judgment action and where the determination of coverage may aid in shaping settlement strategies.

The dismissal or stay of this case will not waste judicial resources in this court as the suit was recently filed (August 4, 2014), and the only thing pending in it are these motions to dismiss. In contrast, the *Rodgers* state court action has been pending since April 15, 2014, the statutory employer summary judgment motion is already pending, and pertinent discovery periods have been set aside. To compel plaintiffs to assert this action in state court will result in no delay of time given the necessary determinations that must be made prior to a determination of whether Exco's demand for indemnity and defense is valid.

**4.     Conclusion**

For all of the above reasons, and those set forth in Exco's original Memorandum, this motion should be granted and the declaratory judgment action dismissed or, alternatively, stayed.

Respectfully Submitted,

**KEOGH, COX & WILSON, LTD.**
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana  70821
Telephone:  (225) 383-3796
Telecopier: (225) 343-9612


BY:     /s/JOHN P. WOLFF.III
John P. Wolff, III (#14504) Jwolff@kcwlaw.com
Nancy B. Gilbert (#23095) Ngilbert@kcwlaw.com
Richard W. Wolff (#34844) Rwolff@kcwlaw.com
***Attorneys for Exco Operating, L.P. and Exco Resources, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th  day of October, 2014, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/John P. Wolff, III
JOHN P. WOLFF, III