UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BRANTON TOOLS, LLC and ST. PAUL FIRE & MARINE INSURANCE COMPANY | CIVIL ACTION NO. 14-2417 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| EXCO OPERATING COMPANY, LP, ET AL | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM RULING

In this suit for declaratory judgment involving issues of insurance coverage, the Defendants have filed motions to dismiss on almost identical grounds.[1] The Defendants, EXCO Operating Company, LP and EXCO Resources, Inc. (collectively "EXCO") and Select Energy Services, LLC ("SES"), urge the Court to abstain from exercising jurisdiction over the claims filed by the Plaintiffs, Branton Tools, LLC ("Branton") and St. Paul Fire & Marine Insurance Company ("St. Paul") or, in the alternative, to stay this proceeding pending the resolution of a state court suit for personal injuries. Because a determination of insurance coverage depends at least in part on whether EXCO and/or SES were at fault in causing the injuries to the plaintiffs in the underlying state court action against these Defendants, the Defendants' motions to dismiss shall be **GRANTED**, and the Plaintiffs' claims against the Defendants are **DISMISSED WITHOUT PREJUDICE**.

---

[1] Record Documents 14 and 16.

**I.     FACTUAL BACKGROUND.**

Between April 10, 2013 and May 3, 2013, EXCO managed and controlled Gas Well Turner 36 No. 1, located in DeSoto Parish, Louisiana.[2] EXCO contracted with SES to perform "workover" operations at the well site.[3] SES owned and had control of the workover rig at the well site. On April 18, 2013, when a packer belonging to EXCO became stuck in the well bore, EXCO hired Branton, a supplier of gas field tools, to dislodge the packer.[4] On April 19, 2013, Shannon Rodgers and Justin Rodgers, employees of Branton, mounted an operator's platform on the work-over rig owned by SES and were injured when the operator's platform collapsed.[5]

On April 15, 2014, Shannon Rodgers, Elizabeth Rodgers, Justin Rodgers, Sklyar Kendrick, and Cora Rodgers (the "state court plaintiffs") filed a lawsuit (the "state court suit") in the 42nd Judicial District Court located in DeSoto Parish, Louisiana, against Chubb Insurance Company, SES, First Mercury Insurance Company, Load Craft Industries, Ltd., Brady Plant Operators, LLC, Gray Consulting, Inc., and EXCO (the "state court

---

[2]Record Document 1-1, p. 1.

[3]Id. at p. 2. A "workover" is an operation done on, within, or through the wellbore after the initial completion and is generally used to repair or stimulate production on the well.

[4]Record Document 1, p. 4. A packer is a device that can be run into a wellbore with a smaller initial outside diameter that then expands externally to seal the wellbore.

[5]Record Document 1, p. 3.

defendants").[6] The state court plaintiffs assert that the negligence of the state court defendants caused their injuries.[7]

Before providing its services at the well site, Branton signed a Master Service Agreement ("MSA") with EXCO, and St. Paul issued an insurance policy to Branton.[8] EXCO, but not SES, is an named insured under that policy, as required by the MSA. After the state court suit was filed, EXCO and SES demanded that Branton and St. Paul defend and indemnify them, as they allege is required under the terms of the MSA.[9] On August 14, 2014, St. Paul accepted the tendered defense of EXCO and SES in the state court suit, subject to a complete reservation of rights.[10]

On August 1, 2014, Branton and St. Paul filed a complaint in this Court seeking a declaratory judgment that they do not owe a defense or indemnity to the declaratory Defendants.[11] In the alternative, they allege that only EXCO and not SES is an insured under the St. Paul policy and that any coverage to EXCO would be in excess to any other policy affording EXCO coverage. EXCO and SES filed the pending motions to dismiss, arguing that St. Paul's and Branton's complaint should have been filed in state court and that the complaint filed in this forum should be dismissed.[12]

---

[6] Record Document 1-1.

[7] Id.

[8] Id.

[9] Record Document 1, p. 4.

[10] Record Documents 14-5 and 16-2.

[11] Record Document 1.

[12] Record Documents 14 and 16.

## II.     LEGAL STANDARD.

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing the pleader is entitled to relief.  A complaint is not required to contain detailed factual allegations, however, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)(internal marks and citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2008) (internal marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  This plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  However, the complaint cannot be simply "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  Id.

As the Fifth Circuit has explained, in order to survive a Federal Rule of Civil Procedure 12(b)(6) motion, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  Rios v. City of Del Rio, 444 F.3d 417, 420–21 (5th Cir. 2006) (internal marks and citation omitted).  Moreover,

> a statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient. Dismissal is proper if the complaint lacks

>an allegation regarding a required element necessary to obtain relief. The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint. Further, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.

Id. at 421 (internal marks and citations omitted).

### III. LAW & ANALYSIS.

The Declaratory Judgment Act "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 389 (5th Cir. 2003)(citations omitted). The Declaratory Judgment Act has been understood "to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," and "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration" under the Act. Wilton v. Seven Falls Co., 515 U.S. 277, 286-89, 115 S. Ct. 2137, 2142-44 (1995). However, before a district court can make a decision, it must first determine "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." Sherwin-Williams, 343 F.3d at 387. The Court will address each of the following elements below.

#### A. Justiciability

A declaratory action generally is justiciable when there is an actual controversy between the parties to the action. Orix Credit Alliance v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000)(citations omitted). The Fifth Circuit has held that "[a]n actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend

nor indemnify its insured in a state court action that has not yet proceeded to judgment." Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir. 1998)(citations omitted).

In the present case, clearly there is an actual controversy between the parties. There have been two lawsuits filed regarding the accident that injured the state court plaintiffs. Therefore, the Court finds that St. Paul and Branton have presented an actual controversy concerning whether they must provide a defense and indemnity to the Defendants based upon the terms of the MSA and the coverage afforded by the insurance policy.

### B. Authority To Grant Declaratory Relief

If the district court finds that it has jurisdiction, then it must determine whether it has the authority to grant declaratory relief in the case presented. Orix, 212 F.3d at 895. A district court does not have the authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state court suit involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act. Sherwin-Williams, 343 F.3d at 388 n.1.

In the present case, this Court has the authority to grant the declaratory relief sought by the Plaintiffs because their complaint alleges facts sufficient to support a finding that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[13] The parties have not raised an issue concerning the Court's personal jurisdiction over the parties to this action. The suit was filed in a court of proper venue. Additionally, as in Sherwin-Williams, the Anti-Injunction Act does not apply because there is no pending state court action between

---

[13]Record Document 1, p. 3.

Branton Tools, St. Paul, EXCO and SES. See 343 F.3d at 387-88. Therefore, the Court finds that it has the authority to decide the declaratory judgment suit.

### C. Abstention

Finally, the Court must determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action. Orix, 212 F.3d at 895. The United States Supreme Court has explained that a district court "should ascertain whether the questions in controversy between the parties to a federal suit ... can be better settled in the proceeding pending in the state court." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S. Ct. 1173, 1175 (1942). In Wilton, the Supreme Court clarified its Brillhart decision, finding that it is within a district court's discretion to stay "an action for declaratory relief where parallel proceedings, presenting an opportunity for ventilation of the same state law issues, were underway in state court." Wilton, 515 U.S. at 290.

The Fifth Circuit uses a seven factor test to determine whether a district court should retain jurisdiction over a declaratory judgment action. St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir. 1994). The factors to be weighed by a court are: (1) whether there is a pending state court action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called upon to construe a state judicial decree

involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. Id. at 590-91. These factors are non-exclusive. Sherwin-Williams, 343 F.3d at 398. The Court will apply each factor to the case at hand.

  **a. Whether there is a pending state action in which all of the matters in controversy may be fully litigated.**

In Sherwin-Williams, the Fifth Circuit noted that the threshold issue for this first factor is whether the pending federal and state cases are "parallel." 343 F.3d at 392-94. For the cases to be parallel, they must involve "the same parties and the same issues." Exxon Corp. v. St. Paul Fire & Marine Ins. Co., 129 F.3d 781, 785 (5th Cir. 1997). In Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc., the Fifth Circuit found that the first factor weighed against dismissal of the declaratory plaintiff's claim when the declaratory plaintiff "is not a party to the state court liability suit, it is not a party to any pending state proceeding related to these events, and it could only bring the insurance issues before the state courts by affirmatively intervening in the pending liability action or commencing a separate, independent declaratory judgment action in state court." 149 F.3d 371, 373 (5th Cir. 1998). Courts in this circuit have found that when the declaratory plaintiff is not a party to the state litigation, there are no parallel proceedings. See Agora Syndicate, 149 F.3d at 373; Canal Ins. Co. v. XMEX Transp., LLC, 1 F.Supp. 3d 516, 527 (W.D. Tex. 2014); Hudson Specialty Ins. Co v. King Inv. of Louisiana, Inc., No. 13-5990, 2014 WL 108402, at *3-4 (E.D. La. Jan. 10, 2014); Admiral Ins. Co. v. Little Big Inch Pipeline Co., Inc., 496 F.Supp. 2d 787, 790-91 (W.D. Tex. 2007). The court in Hudson Specialty noted that a declaratory plaintiff insurer's involvement in the declaratory defendant's defense of the state court suit is not a substitute for party status. 2014 WL 108402, at *3.

To determine whether the state court proceeding is parallel, the Court must examine whether the parties in the federal and state actions are the same. The Plaintiffs argue that there is no parallel state court proceeding because they are not parties to the state court suit.[14] The Court agrees with the Plaintiffs' argument. The record shows that the declaratory Plaintiffs are not parties to the state court suit, are not a party to any pending state proceedings related to the underlying accident, and could only bring their insurance coverage issues before the state court by affirmatively intervening in the pending litigation or filing a separate suit in state court. See Agora Syndicate, 149 F.3d at 373. The fact that St. Paul has tendered a defense of the Defendants in state court does not make it a party to that suit. See Hudson Speciality, 2014 WL 108402, at *3. As such, the Court finds that the parties in the two suits are not parallel.

The second element of the test requires that the Court examine whether the issues presented in the state and federal cases are parallel. The Plaintiffs argue that the pending state court suit involves issues of negligence, liability and damages, while the federal court suit only involves the issue of insurance coverage.[15] Specifically, the Plaintiffs argue that the federal suit involves a determination that they are not required to defend or indemnify EXCO and SES in the state court lawsuit, or, alternatively, that any coverage owed by St. Paul to EXCO and SES in the state court lawsuit is in excess of any insurance coverage otherwise available to them.[16]

---

[14] Record Document 20, p. 4.

[15] Record Document 16, at p. 7.

[16] Record Document 20, p. 7.

However, the Defendants contend that while the issue before this Court is insurance coverage, in order for the Court to make that determination, it will be necessary for the Court to determine whether EXCO and/or SES were negligent. The Defendants allege that if EXCO and/or SES were negligent, then the indemnity provision in the MSA would be void under the Louisiana Oilfield Indemnity Act (the "LOIA").[17] EXCO and SES contend that the fact that both the state court and the federal court must determine the negligence of EXCO means that there are parallel underlying fact issues before the two courts.[18]

The Fifth Circuit has stated that "[t]hrough LOIA, the Louisiana Legislature declared null and void and against public policy of the State of Louisiana any provision in such agreements which require the defense or indemnification for death or bodily injury to persons **caused by the negligence or fault of the indemnitee**." Rogers v. Samedan Oil Corp., 308 F.3d 477, 480-81 (5th Cir. 2002)(emphasis added). The MSA between EXCO and Branton specifies that Branton will indemnify and hold harmless the "Company Group," which is defined in the agreement as EXCO's contractors and subcontractors. In order to determine whether the LOIA will apply to the MSA to void the defense and indemnity provisions, this Court necessarily will have to decide whether EXCO's and/or SES's fault or negligence caused the state court plaintiffs' injuries.[19]

---

[17]Record Document 21, p. 2.

[18]Id.

[19]This Court acknowledges that the declaratory Plaintiffs also raise the following issues in the alternative to their primary claim: (1) whether there is coverage to EXCO on the basis that it is a named insured under the St. Paul policy; and (2) if there is coverage, what is the ranking of that coverage amongst any other available EXCO policies. These issues may not be dependant on whether EXCO was at fault in causing the state court plaintiffs' injuries. However, because the declaratory Plaintiffs assert

The Fifth Circuit has cautioned that the first <u>Trejo</u> factor "requires the court to examine comity and efficiency." <u>Sherwin-Williams</u>, 343 F.3d at 391. A state court decision on the issue of EXCO's or SES's potential negligence would have a direct bearing on the declaratory Plaintiffs' duty to defend and indemnify the declaratory Defendants. Likewise, a federal decision on the insurance issues would have an impact on the state court liability issues because this Court would have to make a determination on EXCO's or SES's negligence. <u>See</u> <u>Agora Syndicate</u>, 149 F.3d at 373. As the Defendants argue, a finding by this Court on the negligence issue will necessitate duplicative litigation by the parties and may lead to inconsistent rulings by the two courts. The Court finds that the issues presented in the state court suit and the federal court suit are at least parallel in part.

Considering the above, this Court finds that while the state court suit is not perfectly parallel to the federal court suit because the parties are not parallel, the issues of fact and law presented before the two courts will overlap and may lead to inconsistent rulings. Thus, this factor weighs heavily in favor of abstention.

      **b.**    **Whether the Plaintiffs filed suit in anticipation of a lawsuit filed by the Defendants.**

In <u>Sherwin-Williams</u>, the Fifth Circuit explained that:

> [t]he filing of every lawsuit requires forum selection. Federal declaratory judgment suits are routinely filed in anticipation of other litigation. The courts use pejorative terms such as 'forum shopping' or 'procedural fencing' to identify a narrower category of federal declaratory judgment lawsuits filed for reasons found improper and abusive, other than selecting a forum or anticipating related litigation. Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation,

---

these issues in the alternative to their primary claim, this Court must evaluate this <u>Trejo</u> factor with regards to the declaratory Plaintiffs' primary claim.

is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'

343 F.3d at 391.

As discussed above, this Court has the jurisdiction to hear the declaratory action between the parties to this lawsuit. There is no indication that the Plaintiffs filed this lawsuit in anticipation of a lawsuit to be filed by the Defendants. Therefore, the Court finds that this factor does not favor abstention. See Montpelier US Ins. Co. v. Henry, No. 13-cv-773, 2014 WL 1713407, *6 (W.D. La. April 29, 2014).

### c. Whether the Plaintiffs engaged in forum shopping by bringing the suit.

Defendants contend that the Plaintiffs deliberately excluded Gray Consulting, one of the state court defendants, in the federal suit because naming it as a federal court defendant would destroy this Court's diversity jurisdiction.[20] Defendants note that Gray Consulting was a subcontractor of EXCO. Presumably, this fact would make Gray Consulting a member of the "Company Group" and therefore subject to the indemnity provisions of the MSA. The Plaintiffs claim that Gray Consulting was not included as a federal court defendant because it has not made a demand against them for a defense or indemnity in the state court suit.[21]

As noted above, the Fifth Circuit has found that merely filing a declaratory judgment action in federal court is not abusive forum shopping. See Sherwin-Williams, 343 F.3d at

---

[20]Record Document 14, p. 7 and Record Document 16, p. 6.

[21]Record Document 20, p.10.

391.[22] Although the inclusion of Gray Consulting would have destroyed this Court's diversity jurisdiction, the Plaintiffs have presented a valid reason for not including that party in this lawsuit. There is no evidence that the Plaintiffs selected this forum to gain some sort of advantage over the Defendants. Thus, the Court finds that there is nothing to indicate that the Plaintiffs engaged in impermissible forum shopping by filing this declaratory judgment suit, and therefore, this factor does not favor abstention.

> **d.    Whether possible inequities exist in allowing the declaratory Plaintiffs to gain precedence in time or to change forums.**

This factor takes into consideration the possible inequities that exist in allowing the declaratory Plaintiffs to gain precedence in time or to change forums. See Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc., 996 F.2d 774, 779 (5th Cir. 1993). There is no trial date set in this federal court action, and the parties have not provided information regarding the trial date in the state court suit. There is no indication that the Plaintiffs are gaining a precedence in time. However, as discussed above in the analysis of the first factor, there is the possibility of inconsistent or incompatible rulings on the potential fault or negligence of the Defendants, and as such, this could lead to a possible inequality as to the change of forum. Therefore, the Court finds that this factor weighs heavily in favor of abstention.

> **e.    Whether the federal court is a convenient forum for the parties and witnesses.**

---

[22]The Court provides two examples of forum shopping by a declaratory Plaintiff: (1) if the federal court would apply different choice of law rules, and therefore have apply a different substantive law, from the pending state court case; and (2) if there is a "race to res judicata," whereby the declaratory Defendant was unable to bring a state court action against the Plaintiff because it had not exhausted its state administrative remedies. Id. at 399.

This factor takes into account whether the physical distance between the federal court and the state court is burdensome to the parties. Sherwin-Williams, 343 F.3d at 400. Here, the state court action is pending in the 42nd Judicial District Court, located in Mansfield, Louisiana, which is approximately 35 miles from this Court. This is not a burdensome distance. Thus, the courts are equally convenient, and this factor is neutral as to abstention.

    **f.**  **Whether retaining the lawsuit would serve the purposes of judicial economy.**

The pending state court action involves all of the parties to the insurance contract and the MSA, as well as the parties who are not included in the federal litigation but whose testimony will be necessary on factual issues related to the potential fault or negligence of the declaratory Defendants. As discussed above, for the Plaintiffs to succeed in their argument that the LOIA voids the MSA's defense and indemnity provision, they must prove that it was EXCO's and/or SES's fault or negligence that caused the accident. This will require factual determinations to be made by the Court before the legal issue of coverage can be resolved.

As the issues of fault and negligence are pending before the state court, retaining the lawsuit in federal court would not serve the goal of judicial economy. In fact, it would increase the likelihood that judicial economy would be frustrated because the two courts could reach incompatible conclusions about the facts of the accident. Therefore, the Court finds that the goal of judicial economy would be better served if it did not retain this lawsuit, and as such, this factor heavily favors abstention.

      **g.**       **Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the parties is pending.**

This factor is not an issue in the present case, and as such, this factor is neutral.

    **D.**     <u>Trejo</u> **Analysis**

After weighing the <u>Trejo</u> factors, this Court finds that two of the factors are neutral as to abstention, two are not in favor of abstention, and three of the factors heavily favor abstention. The primary question for a district court in this situation is "whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding pending in state court." <u>Brillhart</u>, 316 U.S. at 495. The application of the <u>Trejo</u> factors supports the finding that this Court should abstain from hearing this case and instead allow the parties to litigate these issues in state court. The state court has the authority to decide issues that are necessary to the disposition of the insurance coverage, and it is competent to do so. If this action were to move forward, it would duplicate the efforts being undertaken in state court. It could also potentially create a situation where inconsistent or incompatible rulings are made by the two courts.

Therefore, this Court finds that the Defendants' Motions To Dismiss should be **GRANTED**, and the Plaintiffs' suit should be **DISMISSED WITHOUT PREJUDICE**.

**IV.**     **CONCLUSION.**

For the foregoing reasons,

**IT IS ORDERED** that Defendant EXCO's Motion To Dismiss [Record Document 14] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant SES's Motion To Dismiss [Record Document 16] be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that all claims by the Plaintiffs against the Defendants are **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** on this 5th day of August, 2015.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE